IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nazer Degrammont,<br><br>    Petitioner,<br><br>vs.<br><br>Alberto Gonzales, et al.,<br><br>    Respondents. | No. CV-06-469-PHX-FJM (LOA)<br><br>**REPORT AND RECOMMENDATION** |

This matter arises on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (docket # 1).

On July 15, 2006, Respondent filed a Suggestion of Mootness (docket # 19) and a Notice of Filing Executed Warrant of Removal. (docket # 20) Respondents contend that because Petitioner has been released from custody of the Department of Homeland Security ("DHS") his Petition is moot and should be denied as such. Petitioner has not filed a Response.

## **ANALYSIS**

In his § 2241 Petition, Petitioner argues that he is entitled to immediate release from custody because his indefinite detention by DHS with no prospect that his removal to Haiti will be effected in the reasonably foreseeable future is illegal. Zadvydas v. Davis, 533 U.S. 678 (2001)(when there is no reasonable likelihood that a foreign government will accept an alien's return in the reasonably foreseeable future, indefinite detention is not permitted.

1 Rather, DHS may only detain an alien for a reasonable time beyond the 90-day statutory
2 removal period.)

3     After Petitioner filed his Petition, on May 25, 2006, he was removed to Haiti.
4 Because Petitioner has been released from custody he has been awarded the relief he was
5 seeking in his § 2241 petition. (docket # 19, # 20)  "Article III of the Constitution mandates
6 that an actual case or controversy exist at all stages of judicial review." Ortez v. Chandler,
7 845 F.2d 573, 574-575 (5th Cir. 1998)(holding that no case or controversy existed where
8 movant, who challenged his bond determination, had been deported because the relief he
9 requested — reduction of his bond — could no longer be effected.)  Here, Petitioner
10 challenges his detention pending removal.  In view of Petitioner's release from custody, the
11 relief he requests — release from custody pending removal — can no longer be effected.
12 Therefore, no "case or controversy" remains and the Petition is moot. Picrin-Peron v. Rison,
13 930 F.2d 773, 776 (9th Cir. 1991)(finding that because petitioner only requested release from
14 custody and had been released, the court could provide no further relief and the petition was
15 properly dismissed.); Xie v. Schiltgen, No. C 99-4150 VRW, 2001 WL 637409, * 1 (N.D.
16 Cal., May 24, 2001).

17     Accordingly,

18     IT IS HEREBY RECOMMENDED that Petitioner's Petition for Writ of Habeas
19 Corpus (docket # 1) be **DENIED** as moot.

20     This recommendation is not an order that is immediately appealable to the Ninth
21 Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
22 Appellate Procedure, should not be filed until entry of the District Court's judgment.  The
23 parties shall have ten days from the date of service of a copy of this recommendation within
24 which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules
25 72, 6(a), 6(e), Federal Rules of Civil Procedure.  Thereafter, the parties have ten days within
26 which to file a response to the objections.  Failure timely to file objections to the Magistrate
27 Judge's Report and Recommendation may result in the acceptance of the Report and
28 Recommendation by the District Court without further review. *See United States v. Reyna-*

1  *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any factual
2  determinations of the Magistrate Judge will be considered a waiver of a party's right to
3  appellate review of the findings of fact in an order or judgment entered pursuant to the
4  Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

5  DATED this 1st day of August, 2006.

Lawrence O. Anderson
United States Magistrate Judge